**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**v.**                                                                                     Case No. 8:03-cr-298-T-23TBM

**LENIN V. PEREZ,**

    **Defendant.**
_____/

**O R D E R**

THIS CAUSE is before the court on Defendant's **Motion to Sever** (Doc. 120) and the government's response in opposition (Doc. 151). A hearing was held July 26, 2005. By his motion, the Defendant seeks a separate trial from Co-Defendant Gonzalez on grounds that he is prejudiced by the government's advisement that counsel for Mr. Gonzalez has been listed as a person receiving remuneration for a referral of a patient to Dr. Martin Underwood, a government witness in this case. Fearing that the introduction of such evidence would taint his own defense, Mr. Perez seeks severance. In opposition, the government advises that it has no intention of eliciting any such testimony from Dr. Underwood as such information is irrelevant to the issues in the instant cause. In any event, it claims there is no showing of specific prejudice by Mr. Perez necessary to support the motion to sever. Counsel for Mr. Gonzalez denies the allegations and asserts that he has no intention of eliciting such testimony either.

The general rule in this circuit requires that defendants jointly indicted should be jointly tried. United States v. Walker, 720 F.2d 1527, 1533 (11th Cir. 1983). Further, a severance should be granted only on a showing that a joint trial will result in specific and

compelling prejudice to the conduct of a defense.  Id.  In the instant case, Mr. Perez fails to demonstrate the specific or compelling prejudice necessary to require a separate trial.  See United States v. Liss, 265 F.3d 1220, 1228 (11th Cir. 2001).  Absent contrary order by the trial judge, no counsel at trial may seek to elicit such testimony from this witness.  Counsel for the government shall admonish the witness not to mention these allegations at trial absent a order of the trial judge and shall further take such steps as are necessary at trial to assure no mention of these allegations.

Accordingly, the Defendant's **Motion to Sever** (Doc. 120) is **DENIED**.

Counsel for Co-Defendant Gonzalez requests *ore tenus* that both the motion to sever and the government's response be stricken from the public record given the defamatory claims discussed therein.  Counsel denies the allegations.  The government does not accuse this counsel of violating any federal laws and has not sought to investigate the claims of this cooperating witness.  Nonetheless, the allegations suggest possible violations of state law and if untrue would be defamatory.  No counsel opposes the removal of these pleadings from public scrutiny

Accordingly, the *ore tenus* motion to strike the Motion to Sever (Doc. 120) and the government's response (Doc. 151) from the public record in these proceedings  is **GRANTED**.  The Clerk is directed to remove the images of these pleadings from the public record and re-file them under seal.

**Done and Ordered** in Tampa, Florida, this 26th day of July 2005.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record