UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**v.**                                                        **Case No. 8:03-cr-298-T-23TBM**

**LENIN V. PEREZ,**

    **Defendant.**
_____/

**O R D E R**

THIS CAUSE is before the court on Defendant's **Motion To Unseal Affidavit In Support of Search Warrant For The Premises Known As 3003 West Cypress, Tampa, Florida** (Doc. 115) and the Government's response in opposition (Doc. 131).  By this motion, the Defendant seeks an order unsealing the affidavit in support of the search warrant on the oft chance that it might be material to his defense.  The Government responds that the search warrant at issue has nothing to do with the subject matter of this case and it opposes the unsealing or the production of the affidavit.  Upon consideration, the motion is **DENIED**. While the Government is incorrect that the search has nothing to do with the instant prosecution, it has answered the court's *ex parte* inquiry and indicated that none of the desk calendars seized in the search will be admitted into evidence in the case.[1]  The Defendant

---

[1] The search warrant, attachments, and the return are a matter of public record.

does not demonstrate that the affidavit in support of the search of the NALC union offices is material to his defense or otherwise must be disclosed under Fed. R. Crim. P. 16.[2]

**Done and Ordered** in Tampa, Florida, this 3rd day of August 2005.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record

---

[2] By the court's discovery order (Doc. 25), the parties remain under a continuing duty to supplement their discovery responses where appropriate under Rule 16 or the due process considerations of Brady v. Maryland, *et al.* Should the Government determine that evidence seized in this search will be admitted in its case in chief, the Defendant may revisit this request.